STANDARD ROOFING & MATERIAL CO. v. GREEN et al.

No. 34725.   April 3, 1951.

Rehearing Denied May 1, 1951.

*230 P. 2d 731.*

F. A. Bodovitz, Tulsa, for petitioner.

Charles Skalnik, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  This is a proceeding brought by Standard Roofing & Material Company (own risk) to review an order of the State Industrial Commission awarding compensation to respondent Arthur Green.

Respondent, in his claim for compensation filed on January 17, 1950, stated that, on October 28, 1949, while in the employ of petitioner and while engaged in cleaning out an asphalt kettle a coil dropped and fell on his left hand breaking a bone in the hand.

The trial commissioner, in substance, found:  On October 28, 1949, claimant, while in the employ of petitioner sustained an accidental injury to his left hand and as a result thereof sustained a 12½ per cent permanent partial disability to the hand and awarded compensation accordingly.

The award was sustained on appeal to the commission en banc.

Petitioner contends that the award is not supported by any competent evidence.

Respondent, in substance, testified that on the date and in the manner stated in his claim he sustained an injury to his left hand and since that time he has not been able to do any lifting which requires the use of the left hand; he is unable to use the hand as before he sustained his injury.

Two physicians testified as to the cause and extent of the disability sustained by respondent as the result of his accident. One physician testified he first saw and examined respondent on the 29th day of March, 1950; he obtained a case history from respondent of receiving an injury to his hand when a coil fell and mashed the hand. His

examination disclosed respondent's little finger was sticking out about 15 degrees as compared with the right hand; he was unable to lift heavy objects or to use his hand as prior to the injury. He made an X-ray of the hand. It revealed an angulated fracture of the first metacarpal bone about the middle. He had some permanent disability to the hand. The doctor, however, testified that the hand might improve to some extent by exercise and use, but that the angulation of the bone would not improve. He then expressed the opinion that as a result of the accidental injury sustained by respondent he had sustained a 25 per cent permanent partial disability to the hand for doing ordinary manual labor.

The other physician testified he first examined and treated respondent on October 28, 1949. His examination disclosed respondent, as the result of his accidental injury, had sustained a broken bone in his hand; the break, however, has healed; he then had a 5 to 10 per cent permanent partial disability to the hand, but, in his opinion, exercise and use of the hand would improve it and if the hand is continuously used there will be no permanent disability.

The commission found as the result of his accidental injury respondent had sustained a 12½ per cent permanent partial disability to the hand. While it is probable under the medical expert testimony the hand might improve by exercise and use, we think the evidence taken as a whole is sufficient to sustain the finding of the commission.

It appears that on the 24th day of January, 1950, respondent made an application for unemployment compensation insurance in which he stated that he was then able to go back to work and has been for quite a while; he left his former employer, petitioner herein, because it had no work for him to do.

The record discloses that respondent, on cross-examination, testified that he was not able to and did not work at any time during the month of January, 1950, and he made no effort to obtain work during that month for the reason he was not able to work. Petitioner contends the application for unemployment compensation insurance offered in evidence should have been admitted for the purpose of contradicting this testimony. The record discloses that after the documentary evidence was excluded, and upon further cross-examination, respondent testified he was fit and able to go to work on the date he made the application; he so informed his doctor in order to get a release.

It will thus be seen that respondent testified substantially to the same facts as those sought to be established by petitioner by the offered evidence. It is therefore clear that it suffered no prejudice and was not denied a full and fair hearing by reason of the exclusion of such evidence.

Award sustained.

LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, HALLEY, and O'-NEAL, JJ., concur.